**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 31 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| A.P., a minor, by and through his guardian ad litem, C.P.,<br><br>          Plaintiff-Appellant,<br><br>v.<br><br>GLENDALE UNIFIED SCHOOL DISTRICT; DOES, 1-10, inclusive,<br><br>          Defendants-Appellees. | No.    17-55751<br><br>D.C. No.<br>2:16-cv-01404-GW-FFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted May 15, 2019
Pasadena, California

Before: NGUYEN and OWENS, Circuit Judges, and ANTOON,[**] District Judge.

A.P., by and through his guardian ad litem, C.P., appeals from the district

court's order granting partial summary judgment to defendant Glendale Unified

School District (the "School District") on his claims under the Americans with

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

Disabilities Act, 42 U.S.C. §§ 12101-12213, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we vacate the judgment and remand for further proceedings.

The district court granted partial summary judgment on the ground that A.P.'s mother signed a settlement agreement on A.P.'s behalf that purported to release A.P.'s claims. Under California Probate Code section 3500(b), however, an agreement executed by a parent releasing a disputed claim for damages on behalf of a minor

> is valid only after it has been approved, upon the filing of a petition, by the superior court of either of the following counties:
>
> (1) The county where the minor resides when the petition is filed.
>
> (2) Any county where suit on the claim or matter properly could be brought.

The School District did not present evidence that the agreement here was approved as required. Because the parties did not raise section 3500(b) to the district court, we vacate the judgment and remand this case to the district court so it can consider the issue in the first instance. To the extent that the School District wishes to argue that the agreement released a claim for damages, "it must demonstrate that [A.P.'s] interests . . . were independently considered by an appropriate court and that the

2

'release' of [his] claims was judicially approved." *Salmeron v. United States*, 724 F.2d 1357, 1364 (9th Cir. 1983).

We need not consider the other issues presented by this appeal.

The parties' requests for judicial notice (docket entry nos. 13 and 23) are granted. Costs of appeal are awarded to A.P.

**VACATED AND REMANDED.**